## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TRAVIS J. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-01832-LKG |
| | ) | |
| v. | ) | Dated: July 27, 2022 |
| | ) | |
| AMAZON CEO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff *pro se*, Travis J. Robertson, brings this civil action against defendant Amazon Services, LLC ("Amazon"), seeking to recover back pay and other monetary damages for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. *See generally* Am. Compl, ECF No. 22-1. Amazon has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Def. Mot., ECF No. 24. Plaintiff has also filed a motion for leave to file an amended complaint and a "motion for legal discovery." Pl. Mot. to Am. Compl., ECF No. 22; Pl. Mot. for Discovery, ECF No. 18. No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court: (1) **GRANTS** plaintiff's motion for leave to amend the complaint; (2) **GRANTS** defendant's renewed motion to dismiss; (3) **DENIES-as-MOOT** plaintiff's motion for legal discovery; and (4) **DISMISSES** the amended complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

In this civil action, plaintiff *pro se*, Travis J. Robertson, seeks to recover back pay and other monetary damages from Amazon for alleged violations of the ADA. *See generally* Am. Compl.

As background, plaintiff is an Amazon employee. *See generally id.*; *see also* Pl. Resp, ECF No. 26. Plaintiff alleges that he suffers from generalized anxiety and major depression and that this medical disability affects his work. *See* Am. Compl. at 6; *see also* Pl. Resp. at 1.

On March 8, 2021, plaintiff's psychiatrist submitted a letter and physician statement-behavioral health form to Amazon regarding his alleged disability. Pl. Supp. Resp., ECF No. 27; Pl. Mot. for Leave Ex. 2, ECF No. 17-4; Pl. Mot. for Leave Ex. 4, ECF No. 17-6. The physician statement-behavioral health form states that plaintiff suffers from a "major depressive disorder" and "generalized anxiety disorder." *Id.* at 1. The physician statement – universal form also states that, "when not under duress [plaintiff] presents with normal function, however, when anxious or stressed he shuts down, has problems processing thoughts, and has difficult problem solving." Pl. Mot. for Leave Ex. 3 at 3, ECF No. 17-5. And so, the accompanying letter from plaintiff's psychiatrist requests that "[plaintiff] have a lower requirement of packages per hour to keep his anxiety and stress level at an appropriate level that does not interfere with thinking."[2] Pl. Mot. for Leave Ex. 2 at 1.

Amazon denied plaintiff's request for this workplace accommodation. *See* Compl. at 10, ECF No. 1. Amazon also terminated plaintiff's employment in December 2021, but then rehired plaintiff shortly thereafter. Pl. Resp. at 2.

Plaintiff filed an unsuccessful complaint of discrimination regarding the denial of a workplace accommodation before the Equal Employment Opportunity Commission on June 15,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); plaintiff's charge of discrimination ("C.o.D."); the amended complaint ("Am. Compl."); plaintiff's response and supplemental response in opposition to Amazon's motion to dismiss ("Pl. Resp." and "Pl. Supp. Resp."); Amazon's renewed motion to dismiss ("Def. Mot."); and the memorandum in support thereof ("Def. Mem.").

2

2021.  *See* C.o.D., ECF No. 1-2; Def. Mem. at 2, ECF No. 9-1.  Thereafter, plaintiff commenced this ADA action on July 22, 2021.  *See* Compl.  Plaintiff received a right to sue letter on September 29, 2021.  Pl. Mot. to Am. Compl. at 2.

### B. Procedural Background

Plaintiff commenced this matter on July 22, 2021.  *See* Compl.  On September 13, 2021, Amazon filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Def. Mot., ECF No. 9.

On October 8, 2021, plaintiff filed a "motion for legal discovery" and a motion for leave to amend the complaint.  Pl. Mot. for Discovery; Pl. Mot. for Leave, ECF No. 17.  On December 6, 2021, the Court issued an Order:  (1) denying Amazon's motion to dismiss; (2) denying plaintiff's motion for leave to amend the complaint; and (3) directing plaintiff to re-file his motion for leave to amend the complaint in accordance with Local Rule 103.6(c).  Dec. 6, 2021, Order, ECF No. 21.

On December 17, 2021, plaintiff filed a renewed motion for leave to amend the complaint and an amended complaint.  *See* Pl. Mot. to Am. Compl.; Am. Compl.  On January 17, 2022, defendant filed a renewed motion to dismiss, and a memorandum in support thereof, pursuant to Fed. R. Civ, P. 12(b)(6).  *See* Def. Mot; Def. Mem, ECF No. 24-1.  Plaintiff filed a response in opposition to defendant's renewed motion to dismiss on February 8, 2022.  *See* Pl. Resp.  Plaintiff filed a supplemental response to defendant's motion to dismiss and exhibits thereto on February 15, 2022.  *See* Pl. Supp. Resp.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the amended complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (internal

citations and quotation marks omitted). And so, if plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B.      Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombley*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### C.      The Americans With Disabilities Act

Congress enacted the Americans with Disabilities Act to ensure that people living with disabilities have access to all the same opportunities as those without disabilities. 42 U.S.C. §12101. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also E.E.O.C. v. Browning-Ferris, Inc.*, 262 F. Supp. 2d 577, 582 (D. Md. 2002) (to establish a disability, plaintiff must show one of the following: (1) that he has "an actual mental or physical impairment that substantially limits one or more … major life activities;" (2) that he has "a record of such impairment;" or (3) that he is "regarded as having such an impairment.").

This Court has held that, to establish a *prima facie* case for failure to accommodate under the ADA, a plaintiff must show that: (1) he was an individual with a disability within the

4

meaning of the ADA; (2) the employer had notice of his disability; (3) with reasonable accommodation, he could perform the essential functions of the position; and (4) the employer refused to make this accommodation. *See Chappel v. Balt. Cnty. Pub. Schs.*, No. ELH-18-3328, 2019 WL 1746697, at *5 (D. Md. Apr. 17, 2019) (quoting *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).

## IV. LEGAL ANALYSIS

Amazon has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), upon the ground that plaintiff failed to make sufficient factual allegations in the amended complaint to support a failure to accommodate claim under the ADA. *See generally* Def. Mem. Specifically, Amazon argues that plaintiff fails to allege facts to show either that: (1) he was an individual with a disability within the meaning of the ADA; (2) Amazon had notice of his disability; or (3) with reasonable accommodation, he could perform the essential functions of his position. *Id.* at 2-4.

Plaintiff counters, in his responses in opposition, that he has sufficiently alleged facts to show that: (1) he has a disability; (2) Amazon knew of his disability; and (3) Amazon failed to accommodate his disability in the workplace. *See generally* Pl. Resp.; Pl. Supp. Resp. And so, plaintiff requests that the Court deny Amazon's motion to dismiss. *See* Pl. Resp.

Plaintiff has also filed a motion for leave to file an amended complaint and a "motion for legal discovery." Pl. Mot. to Am. Compl.; Pl. Mot. for Discovery.

For the reasons that follow, plaintiff fails to allege sufficient facts in the amended complaint to show that he could perform the essential functions of his position at Amazon with a reasonable accommodation, as required by the ADA. And so, the Court: (1) **GRANTS** plaintiff's motion for leave to amend the complaint; (2) **GRANTS** defendant's renewed motion to dismiss; (3) **DENIES-as-MOOT** plaintiff's motion for legal discovery; and (4) **DISMISSES** the amended complaint.

### A. Plaintiff Alleges Sufficient Facts To Show He Has A Disability And That Amazon Had Notice Of His Disability

As an initial matter, a careful reading of the amended complaint shows that plaintiff alleges sufficient facts in the amended complaint to show that he has a disability and that

Amazon knew about his disability. To state a *prima facie* case of failure to accommodate under the ADA, plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the employer refused to make such accommodations." *Michaels v. Continental Reality Corp.*, No. 10-1998, 2011 WL 4479697, at *4 (D. Md. Sept. 26, 2011) (citing *Rhoads*, 257 F.3d at 378 n.11). While plaintiff need not establish this *prima facie* case to survive Amazon's motion to dismiss, he does need to allege facts that plausibly state a violation of the ADA that are "above a speculative level." *Parker v. Children's Nat'l Med. Center, Inc.* No. 20-3523, 2021 WL 5840949, at *15 (D. Md. Dec. 9, 2021) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020)).

In this case, the amended complaint, when liberally construed, provides sufficient factual allegations to show that plaintiff has a qualified disability within the meaning of the ADA. *See Browning-Ferris*, 262 F. Supp. 2d at 582 (holding that to establish he is an individual with a disability, a plaintiff must show one of the following: (1) that he has "an actual mental or physical impairment that substantially limits one or more of [his] major life activities," (2) that he has "a record of such an impairment," or (3) that he is "regarded as having such an impairment."). Plaintiff alleges in the amended complaint that he has a medical disability. Am. Compl. at 6. Plaintiff also supplements this allegation with a copy of a March 8, 2021, letter from his psychiatrist and a physician statement-behavioral health form that further describes his disability. Pl. Supp. Resp,; Pl. Mot. for Leave Ex. 2; Pl. Mot. for Leave Ex. 4.

Notably, the physician statement-behavioral health form states that plaintiff suffers from "major depressive disorder" and "generalized anxiety disorder." Pl. Mot. for Leave Ex. 4 at 1. The physician statement - universal form also states that "when not under duress [plaintiff] presents with normal function, however, when anxious or stressed he shuts down, has problems processing thoughts, and has difficult problem solving." Pl. Mot. for Leave Ex. 3 at 3. In addition, the accompanying letter from plaintiff's psychiatrist requests that "[plaintiff] have a lower requirement of packages per hour to keep his anxiety and stress level at an appropriate

level that does not interfere with thinking."[3]  Pl. Mot. for Leave Ex. 2 at 1.  And so, the amended complaint, as supplemented by this information, contains sufficient factual allegations to show that plaintiff has a disability within the meaning of the ADA.

The Court is also satisfied that the amended complaint, as supplemented, contains sufficient factual allegations to show that Amazon had notice of plaintiff's disability." *Michaels*, 2011 WL 4479667, at *4 (explaining that to successfully state a claim under the ADA, plaintiff must allege that the employer was on notice that they "suffered from a qualifying ADA disability.").  The March 8, 2021, letter from plaintiff's psychiatrist indicates that this letter, and the related physician statement-behavioral health form regarding plaintiff's disability, were provided to Amazon in 2021.  Pl. Mot. for Leave Ex. 2 at 1; Pl. Mot. for Leave Ex. 4 at 1-3.  Amazon does not dispute that it received this letter and form.[4]  *See generally* Def. 2d. Mem.  Given this, plaintiff has alleged sufficient facts in the amended complaint to show that Amazon had notice of his disability.

### B.     Plaintiff Fails to Allege Sufficient Facts To Show He Could Perform The Essential Functions Of His Position With A Reasonable Accommodation

Plaintiff's ADA claim is, however, on less solid footing with regards to the requirement that he show that he could perform the essential functions of his position with a reasonable accommodation.  *Michaels*, 2011 WL 4479697, at *4.  As Amazon correctly observes, the amended complaint is devoid of any allegations regarding the essential functions of plaintiff's position with Amazon and regarding whether plaintiff could have performed those functions with a reasonable accommodation.  *See generally* Am. Compl.  In fact, the amended complaint and plaintiff's supplements to this pleading neither describe the job duties and essential functions associated with his position, nor state how the requested accommodation would have allowed

---

[3] Plaintiff's psychiatrist states in the employee accommodation request form that the major life activities of caring for self, performing manual tasks, and thinking are limited by plaintiff's disability.  Pl. Mot. for Leave Ex. 2 at 4.

[4] Amazon correctly observes that its receipt of this information alone, may not establish that it was on notice of a qualifying disability under the ADA.  Def. Mem. at 4.  But, plaintiff need not prove this element of his *prima facie* case to survive a motion to dismiss.  *See Parker*, 2021 WL 5840949, at *15 (quoting *Bing*, 959 F.3d at 617) (stating plaintiff must "merely allege facts that plausibly state a violation of [the ADA] above a speculative level" at the motion to dismiss stage) (internal quotations omitted).

7

plaintiff to perform his essential job functions.[5] *See generally id.*.; *see also* Pl. Resp.; Pl. Supp. Resp.  Given this, plaintiff fails to allege facts in the amended complaint to plausibly show that he could perform the essential functions of his position with Amazon, with a reasonable accommodation.  *See Stephenson v. Pfizer, Inc.*, 641 F. App'x 214, 219 (4th. Cir. 2016) (per curiam) ("A reasonable accommodation . . . is one that enables a qualified individual with a disability to perform the essential functions of a position.") (internal quotation marks omitted).  For this reason, the amended complaint fails to state a plausible ADA claim.  *Scott v. Lori*, No. 19-2014, 2020 WL 3833129, at *16 (D. Md. July 8, 2020) (dismissing the plaintiff's ADA failure-to-accommodate claim because the complaint failed to make any allegations regarding "plaintiff's job responsibilities" and merely referenced job functions, but never explicitly state what those functions entailed).  And so, for this reason, the Court must DISMISS the amended complaint.  Fed. R. Civ. P. 12(b)(6).

## V.    CONCLUSION

In sum, a careful reading of the amended complaint makes clear that plaintiff has not alleged sufficient facts to show that he could perform the essential functions of his position with a reasonable accommodation, to state a plausible claim under the ADA.

And so, for the foregoing reasons, the Court:

1. **GRANTS** plaintiff's motion for leave to amend the complaint;

2. **GRANTS** defendant's renewed motion to dismiss;

3. **DENIES-as-MOOT** plaintiff's motion for legal discovery; and

4. **DISMISSES** the amended complaint.

Judgment is entered accordingly.

---

[5] Plaintiff also fails to allege whether the 300-400 units per hour requirement for his position is an essential function of the job.  *See Wulff v. Sentara Healthcare, Inc.*, 513 F. App'x 267, 270 (4th Cir. 2013) (finding that plaintiff failed to establish element of *prima facie* case where plaintiff could not "perform the essential functions of [his] position" and failed to suggest a reasonable accommodation that would make that performance possible); *Womble*, 616 F. App'x at 595-96 (considering plaintiff's inability, to perform a frequent job function, even with reasonable accommodation, constituted an inability to perform an essential function of the job).

Each party to bear its own costs.

**IT IS SO ORDERED.**

>                                     s/Lydia Kay Griggsby
>                                     LYDIA KAY GRIGGSBY
>                                     United States District Judge